HILLSBOROUGH COUNTY BUILDING & LOAN ASSOCIATION and PROTECTIVE REALTY HOLDING CORPORATION, *Appellants,* v. B. G. FOLSOM and ————FOLSOM, his wife, D. E. FOLSOM, MRS. R. D. STEPHENS, joined by her husband, R. D. STEPHENS, et al., *Appellees.*

146 So. 584.

En Banc.

Opinion filed February 21, 1933.

Rehearing denied May 7, 1933.

*George A. Gibbs* and *Sutton, Tillman & Reeves,* for Appellants;

*H. D. Wentworth,* for Appellees.

PER CURIAM.—In this case a bill of complaint was filed and thereafter an amended bill of complaint was filed.

Demurrers to the amended bill of complaint were over-ruled. The prayers of the bill were for an injuuction to prohibit the transfer of stock in a building and loan association, to annul a certain portion of the financial statement of the building and loan association, to require Protective Realty Holding Corporation to transfer and convey to Hillsborough County Building & Loan Association all assets received by the former corporation from, the latter, for an accounting to have Hillsborough County Building & Loan Association to be decreed insolvent and for the appointment of a Receiver to liquidate the affairs of Hillsborough County Building & Loan Association.

The controlling question presented by the appeal is whether or not the Circuit Court as a Court of Chancery may assume jurisdiction to appoint a Receiver and to administer the affairs of an alleged insolvent building and loan assoociation.

On authority of the opinion and judgment in the case of The State of Florida ex rel. E. M. Porter and Dade County Security Co., etc., v. H. F. Atkinson as Circuit Judge, et al., filed at this term of the Court, and cases there cited, we hold that under the facts alleged in the bill of complaint in this case the Circuit Court is without jurisdiction to grant relief prayed. If the allegations of the bill of complaint should be found by the Comptroller to be based upon existing facts, it will be his duty to assume control of the building and loan association for the purpose of winding up the affairs thereof under the provisions of the statute in such cases made and provided. The demurrer should have been sustained and the bill of complaint dismissed. The order appealed from is reversed with directions to the Chancellor to dismiss the bill of complaint on authority of the opinion and judgment in the case of The State of Florida ex rel.

E. M. Porter and Dade County Security Co., v. H. F. Atkinson as Circuit Judge, et al., *supra,* and cases there cited.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.